■    PAUL BORREGGINE, Respondent, v. LOUIS DI PONZIO et al., Appellants.— Order unanimously reversed in the exercise of discretion, without costs of this appeal to any party, and motion granted, without costs. Memorandum: Two days before the expiration of the Statute of Limitations, plaintiff commenced his action by service of a summons. Notwithstanding a prompt notice of retainer and demand for the complaint, none was served. Six months later, defendants moved to dismiss the action for failure to prosecute. No cross motion was made by plaintiff to open the default although this was clearly the required procedure. (4 Carmody-Wait, New York Practice, p. 523; *Blasser* v. *Morrisania Milk Co.*, 243 App. Div. 281; *Walsh* v. *Ben Riley's Arrowhead Inn*, 2 A D 714.) Plaintiff's attorney submitted an affidavit in opposition to the motion simply stating that the delay in serving the complaint was the result of the attorney's failure to secure a report from the plaintiff's attending physician. When the complaint was ultimately served it stated in general terms that the plaintiff's injuries were "fractures, bruises and sprains about his arm and body." The order granting plaintiff permission to serve the complaint was an improvident exercise of discretion. We have on several occasions expressed our concern about and disapproval of procrastination and dilatory tactics on the part of attorneys (*Goldstein* v. *Wickett*, 3 A D 2d 135; *Walker* v. *Ferri*, 5 A D 2d 24). The order permitting the service of the complaint should be reversed in the exercise of discretion and the motion to dismiss the complaint granted. (Appeal from order of Monroe Special Term, denying defendants' motion to dismiss plaintiff's complaint.)    Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■    SALVATORE BLANDO, Appellant, v. ALVIN J. REISS, Doing Business as Skillen Excavating Co., Respondent, et al., Defendant.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: This action was brought to recover damages for injuries sustained by plaintiff when a bulldozer operated by an employee of respondent caused a piece of cement to strike plaintiff. The issue that developed upon the trial was whether the direction to the operator of the bulldozer at the time of the accident, which is alleged to have been negligently given, was given by the foreman employed by the plaintiff's employer or by the foreman employed by the defendant-respondent. This issue was not presented to the jury. Instead the case was submitted to the jury to determine whether the operator of the bulldozer was acting as the employee of the defendant-respondent or of some third party. There was no evidence to justify the submission of this issue. In the interests of justice a new trial should be had. Furthermore, upon the present proof, the bulldozer operator was negligent in failing to see the plaintiff in any event and the verdict exonerating the defendant-respondent was against the weight of the evidence. (Appeal from judgment and order of Erie Trial Term, for defendant Reiss for no cause of action for damages for personal injuries alleged to have been sustained by reason of negligent operation of excavating equipment. The order denied a motion for a new trial.)    Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.